**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Martha Navarro,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Costco Wholesale Corp. and<br>　Costco Wholesale Membership,<br>　Inc.<br><br>　　　　Defendants | 2:20-cv-2146-VAP-ASx<br><br>**Order DENYING Motion to Remand (Dkt. 13)** |

Before the Court is Plaintiff Martha Navarro's ("Plaintiff") Motion to Remand, filed April 3, 2020. ("Motion," Dkt. 13). Costco Wholesale Corporation opposed the Motion on April 30, 2020. (Dkt. 19).

After considering all papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES the Motion.

## I. BACKGROUND

On January 14, 2020, Plaintiff commenced an action Los Angeles Superior Court against Defendants Costco Wholesale Corporation ("Wholesale") and Costco Wholesale Membership, Inc. ("Membership") for personal injury suffered at the Costco Wholesale store located at 1500

Paramount Blvd., Montebello, CA 90640 (the "Subject Premises"). Plaintiff states that, "[w]hile lawfully shopping . . . , [she] slipped and fell on a liquid substance. Defendants knew or should have known that the liquid substance created an unreasonable risk of harm to its customers. Defendants also failed to warn about or mop up the liquid substance and failed to exercise due care with respect to matters alleged in this complaint. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff sustained injuries to her body which caused and continues to cause her pain and discomfort." (Dkt. 1-1 at 5). In her Complaint, Plaintiff alleged general negligence and premises liability, listing as damages wage loss, hospital and medical expenses, general damage, and loss of earning capacity. (Dkt. 1-1). Wholesale answered the complaint in state court, (Dkt. 1-2), then removed timely the action on March 5, 2020. (Dkt. 1).

    Wholesale is a citizen of Washington, and both Plaintiff and Membership are California citizens. (Dkt. 13-2 at 2). Plaintiff argues that Wholesale's removal from state court was defective and improper because there does not exist complete diversity of citizenship, as required by 28 U.S.C. § 1332, and therefore that Wholesale failed to establish properly federal subject matter jurisdiction. (Dkt. 13-2). Wholesale argues that removal is proper pursuant to this Court's diversity jurisdiction, because Membership, a citizen of California, is a sham defendant. (Dkt. 1).

## II. LEGAL STANDARD

### A. Diversity Jurisdiction

A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The amount is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.*

### B. Fraudulent Joinder

Removal is proper even if a non-diverse defendant is present where that defendant has been fraudulently joined or constitutes a sham defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood*

*v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established the second way if a defendant shows that an "individual [] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

"[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (*Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). The defendant must show that joinder was fraudulent by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Thus, "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

## III. DISCUSSION

### A. Fraudulent Joinder

Wholesale argues that Membership was fraudulently joined in order to destroy diversity.[1] It is undisputed that Plaintiff is a citizen and resident of California, and that Membership is also a citizen of California. (*See* Dkt. 13-2 at 2; Dkt. 1 at 3; Dkt. 19 at 2-3). Thus, while Plaintiff and Wholesale are diverse from each other, Plaintiff is *not* diverse from Membership. Wholesale asserts that removal based on diversity jurisdiction is proper nevertheless because Membership is a "sham defendant," and, as such, its citizenship should not count for diversity purposes. (*See* Dkt. 19 at 2-3). The parties do not dispute the amount in controversy requirement.[2] Thus, the only disputed element of federal diversity jurisdiction is the validity of Membership's joinder in the action.

In her Complaint, Plaintiff alleges "General Negligence" and "Premises Liability" against all defendants, including Membership, stating that both Wholesale and Membership "owned, maintained, controlled, leased, operated, and/or possessed the" Subject Premises and "injury to person or

---

[1] Plaintiff also argues that removal is improper because Membership did not join in the notice of removal. This, however, standing alone, does not render the removal invalid. "Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the rule of unanimity does not apply to nominal, unknown or fraudulently joined parties[.]" *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (internal quotations and citations omitted). Thus, the removal was improper only if Membership was not fraudulently joined.

[2] Defendant Wholesale assumes the damages exceed $75,000. (*See* Dkt. 1 at 4). Plaintiff makes no mention of the amount in controversy in her Motion to Remand. (See *generally* Dkt. 13).

damage to personal property occurred in its jurisdictional area." (Dkt. 1-1 at 3-5). Plaintiff argues that "Defendants failed to maintain this store in a reasonably safe condition and breached its duty of care to its customers, including Plaintiff." (Dkt. 1-1 at 5). Wholesale, in turn, argues that because "Membership had no role in the operation or maintenance of the Subject Premises," it cannot be found liable for Plaintiff's injuries under a theory of premises liability, (*id.*), and therefore Membership is a sham defendant because "Plaintiff is unable to assert any cause of action against it." (Dkt. 19 at 4).

Under California law, "[a]s in a general negligence cause of action, a plaintiff bringing an action for premises liability based on a negligence theory must plead and prove that the defendant breached a duty of care owed to the plaintiff that proximately caused injury and damages." *Annocki v. Peterson Enterprises, LLC*, 180 Cal. Rptr. 3d 474, 477 (2014) (citing *Paz v. State of California*, 994 F.2d 975 (Cal. 2000)). "The elements of a premises liability claim are: (1) the defendant owned, leased, occupied, or controlled the property; (2) the defendant was negligent in the use or maintenance of the property; (3) the plaintiff was harmed; and (4) the defendant's negligence was a substantial factor in causing the plaintiff's harm." *Rodriguez v. United States*, No. CV 14-4941 (AJW), 2017 WL 924458, at *2 (C.D. Cal. Mar. 6, 2017) (citing Judicial Council of California, Civil Jury Instructions 400 (2016)).

Here, Plaintiff has not stated any facts that establish that Membership is liable under a premises liability theory. In fact, Defendant Wholesale has

refuted each of the vague allegations Plaintiff has advanced in support of its argument that Membership is liable under a premises liability theory, namely that Membership "owned, maintained, controlled, leased, operated, and/or possessed the" premises at issue. (Dkt. 19 at 3-4). Wholesale has shown, through a declaration by Leigh Ann Ruijters, Complex Claims Specialist at Wholesale's headquarters in Washington, that Wholesale and Membership are separate corporate entities and that "Membership does not operate the Subject Premises" or "employ ANY persons at the Subject Premises," nor does Membership "own, lease, operate or manage the Subject Premises." (Dkt. 19-1 at 4).

On a motion to remand, the Court must determine not whether the claim is sufficiently articulated as pled, but rather whether it would be possible for plaintiff to amend with additional allegations could state a claim. Here, the Court finds that, on the basis of the facts provided by Wholesale, there is no amendment Plaintiff could make to establish a claim for premises liability against Membership. Each of the statements in the Ruijters Declaration negates an element necessary to establish a claim for premises liability. Other courts in this district, considering nearly identical claims, have reached the same conclusion. *See, e.g.*, *Holliday v. Costco Wholesale Corp.*, No. 2:20-CV-01106-SVW-RAOx, 2020 WL 1638607, at *2 (C.D. Cal. Apr. 2, 2020) (denying Plaintiff's motion to remand where "Plaintiff . . . failed to allege any facts that show [Membership] could be responsible for her slip-and-fall injury" because, "[a]ccepting Plaintiff's factual allegations as true, and considering Costco's evidence, [Membership] does not maintain any control over the premises where the alleged injury occurred" and therefore

"[Membership] has no plausible duty to Plaintiff," barring a premises liability claim).

In sum, Wholesale has shown that Plaintiff is unable "to establish a cause of action against the non-diverse party in state court," *Hunter v. Phillip Morris USA*, 582 F.3d at 1044, and therefore that the joinder was fraudulent. As Membership was improperly joined, there exists complete diversity between the parties, and this Court has subject matter jurisdiction.

### IV. CONCLUSION

The Court accordingly DENIES the Motion to Remand.

**IT IS SO ORDERED.**

Dated: 5/18/20

Virginia A. Phillips
Chief United States District Judge